UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SANDBOX LOGISTICS, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-0736 |
| | § | |
| **ARROWS UP, LLC,** *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court is the Motion to Remand and Request for Attorney's Fees (Doc. 5) filed by Plaintiff SandBox Logistics, LLC ("SandBox" or "Plaintiff"). Plaintiff moves the Court to remand this action to the 334th Judicial District of Harris County, Texas because "Arrows Up waived the right to remove this case by agreeing to the forum selection clause in the Settlement Agreement" in an earlier case. (Doc. 5 at 8). Plaintiff also moves the Court to require Defendants Arrows Up, LLC, Arrows Up, Inc., and John Allegretti (collectively "Defendants") to pay Plaintiff's attorney's fees in connection with the motion.

### I. BACKGROUND

SandBox is a company that develops specialized containers for transporting frac sand. (Doc. 5 at 3). Arrows Up, Inc., founded by John Allegretti in 2009, designs plastic containers. (Doc. 1, Ex. C at ¶ 17). In early 2014, SandBox retained Arrows Up, Inc. to build a plastic version of the SandBox container. (Doc. 1, Ex. C at ¶ 24). Arrows Up, Inc. signed a nondisclosure agreement ("NDA") promising not to use SandBox's design information without SandBox's permission. (Doc. 5-3 at 10). By April 2014, Arrows Up, Inc. was engaging in conduct that SandBox took to violate the NDA. (Doc. 5 at 3). In December 2014, SandBox sued

Mr. Allegretti and Arrows Up, Inc. in the 334th Judicial District Court of Harris County, Texas. No. 2014-70621, *SandBox Logistics, LLC, et al. v. Arrows Up, Inc., et al.* ("*Arrows Up I*"). Arrows Up, Inc. and Mr. Allegretti signed a settlement agreement with SandBox in January 2015. (Doc. 5-3 at 10). As part of the settlement, Arrows Up, Inc. agreed to pay SandBox's legal fees and confirmed that Mr. Allegretti and Arrows Up, Inc. would comply with the NDA. (Doc. 5 at 4). The settlement agreement contained the following forum selection clause ("FSC"):

> This Agreement and all claims related to it, its execution, or the performance of the Parties under it, shall be governed by and interpreted in accordance with the laws of the State of Texas excepting any law or rule thereof, which would apply the laws of any other jurisdiction. Each Party agrees that any dispute regarding this Agreement or the matters contemplated hereby shall be litigated *only in state courts located in Harris County, Texas*, *and each Party agrees that it shall not commence any legal proceeding relating to this Agreement or the NDA against the other party in any other court or before any other authority. Each Party hereby submits to the exclusive jurisdiction of the state courts located in Harris County, Texas, and each Party, hereby waives any objection to the jurisdiction of such courts*.

(Doc. 5, Ex. A at § III(L)) (emphasis added).

According to SandBox, Arrows Up, Inc. continued to violate the NDA after signing the settlement agreement. (Doc. 5 at 4). In January 2016, SandBox filed a second lawsuit against Defendants in the 334th Judicial District Court of Harris County. No. 2016-03483, *SandBox Logistics, LLC et al. v. Arrows Up, Inc. et al* ("*Arrows Up II*").

Around the same time, a company called OmniTRAX acquired a controlling interest in Arrows Up, Inc. (Doc. No. 26, Ex. B, Allegretti Dep. at 40:15-41:5). Ostensibly to facilitate this transaction, OmniTRAX and Mr. Allegretti created a new entity named Arrows Up, LLC. *Id*. Arrows Up, Inc. then transferred substantially all of its assets and liabilities to Arrows Up, LLC. *Id*. From that point forward, Arrows Up, LLC operated the business, while Arrows Up, Inc. served as a holding company for Mr. Allegretti's ownership interest in Arrows Up, LLC. *Id*. Arrows Up, Inc., Arrows Up, LLC, and Mr.

Allegretti were all named as defendants in *Arrows Up II*. (Doc. 5, Ex. B at 1).

In June of 2017, Arrows Up, LLC filed a patent infringement suit against SandBox in this Court. *Arrows Up, LLC v. US Silica Holdings, LLC et al*, 17-cv-1945. SandBox brought counterclaims against Arrows Up, LLC for breach of the NDA and the settlement agreement. (17-cv-1945, Doc. 38).

On July 3, 2018, the jury in *Arrows Up II* found that Arrows Up, Inc., Arrows Up, LLC, and Mr. Allegretti were liable for breach of contract and fraud. (Doc. 5, Ex. B). The Court awarded SandBox almost $50 million in damages, issued a declaratory judgment that the containers sold by Defendants after January 2015 are SandBox's property, and ordered Defendants to give the containers back to SandBox on a rolling basis. (Doc. 5, Ex. B). SandBox claims, however, that Defendants "continued to breach [their] contracts with SandBox by marketing the SandBox-owned containers as [their] own, even after the verdict and final judgment in *Arrows Up II*." (Doc. 5 at 6).

On January 25, 2019, SandBox filed a third action in Harris County against Defendants, seeking damages over $1 million. No. 2019-06192, *SandBox Logistics, LLC v. Arrows Up, Inc., et al* ("*Arrows Up III*"). On March 1, 2019, Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. 1 at 1). A week later, SandBox filed its Motion to Remand and Request for Attorney's Fees (Doc. 5), arguing that the mandatory FSC in the *Arrows Up I* settlement agreement bars removal of the case. Defendants responded by challenging the enforceability of the FSC. (Doc. 11). At a hearing on the Motion to Remand, Defendants argued for the first time that the FSC does not bind Arrows Up, LLC because Arrows Up, LLC did not yet exist at the time the settlement agreement was signed. The Court requested supplemental briefing on the issue. (Dkt. Entry 9/13/19). Having reviewed the original and

supplemental briefing, the Court determines that remand is required.

## II. REMAND

"[W]here a FSC is unambiguous, language vesting 'exclusive jurisdiction' in a state court constitutes a waiver of removal rights." *Grand View PV Solar Two, LLC v. Helix Elec., Inc./Helix Elec. of Nevada, LLC., J.V.*, 847 F.3d 255, 259 (5th Cir. 2017). The mandatory forum selection clause in the settlement agreement that resulted from *Arrows Up I* vests "exclusive jurisdiction" in Harris County state courts over "any legal proceeding relating to [the settlement agreement] or the NDA." (Doc. 5, Ex. A at § III(L)). This unambiguous language amounts to a "'clear and unequivocal' waiver of removal rights" over actions relating to the settlement agreement or NDA. *Id.* (citing *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004)). Plaintiff's claims in *Arrows Up III* allege violations of the settlement agreement and NDA. (Doc. 1, Ex. C). All defendants bound by the FSC have therefore waived their right to removal of *Arrows Up III*.

Defendants dispute this conclusion by arguing that Plaintiff should not be allowed to enforce the forum selection clause. Defendants rely on the fact that, in the related patent case, *Arrows Up, LLC v. US Silica Holdings, LLC et al* (17-CV-1945), Plaintiff stated in its Third Amended Complaint that "the parties' contracts contain choice of law, consent to jurisdiction, and forum selection clauses making jurisdiction and venue proper in this Court as to all parties." (Doc. 11, Ex. A). Defendants argue that this statement is a judicial admission that the FSC allows litigation in federal court or, in the alternative, that Plaintiff should be judicially estopped from enforcing the FSC because of the statement. (Doc. 11 at 1–2). Neither argument is persuasive. The first argument is a nonstarter because "judicial admissions are not conclusive and binding in a separate case from the one in which the admissions were made." *See Universal Am. Barge*

*Corp. v. J-Chem, Inc*. 946 F.2d 1131, 1142 (5th Cir. 1991). The second argument is unpersuasive because the Court did not rely on Plaintiff's statement in the patent case. *See Hall v. GE Plastics Pac. PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003) ("[B]efore a party can be estopped . . . it must be shown that the position of the party to be estopped is clearly inconsistent with its previous one; and second, that party must have convinced the court to accept that previous position.") (internal quotation marks and citation omitted).

Defendants further argue that, "[b]ecause [Arrows Up, LLC] is *not a party* to the NDA or the Settlement Agreement, and because it did not 'step into the shoes' of any other Arrows Up entity, it is not bound by the NDA and Settlement Agreement's venue provision." (Doc. 27 at 1). Plaintiff SandBox agrees that Arrows Up, LLC is not a signatory to the settlement agreement, but argues that Arrows Up, LLC is nonetheless bound by the settlement agreement and the NDA. SandBox points to *Arrows Up II*, in which Arrows UP, LLC (1) never disputed that it is bound by the settlement agreement, (2) asserted counterclaims for affirmative relief under the agreement, (3) failed to object to John Allegretti's testimony that "both [he] and Arrows Up are bound by the terms of the Settlement Agreement," (4) consented to a jury charge defining "Arrows Up" collectively as Arrows Up, Inc. and Arrows Up, LLC, and (5) declined to argue on appeal that it is not bound by the settlement agreement. (Doc. 26 at 2-7). SandBox concludes that "having previously acknowledged in the state court that it is bound by the contracts, Arrows Up, LLC cannot take the opposite position in this Court." (Doc. No 26 at 7).

The Court need not decide whether Arrows Up, LLC is bound by the settlement agreement. It suffices for remand that Arrows Up, Inc. and Mr. Allegretti are signatories to the agreement. "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28

U.S.C. §1446(b)(2)(A). This "unanimity of consent rule" requires that "[w]hen a civil action has multiple defendants, as is the case here, then all defendants must act collectively to remove that case. . . ." *Ortiz v. Young,* 431 Fed. Appx. 306, 307 (5th Cir.2011). But "a party that waives the right to remove cannot validly consent to removal by his codefendants." *ASAP Auto Grp., LLC v. Marina Dodge, Inc.*, 3 F. Supp. 3d 573, 576 (S.D. Miss. 2014); *see also Amerisource Funding, Inc. v. Skiba*, 2009 WL 6472946, at *3 (S.D. Tex. Nov. 17, 2009) (Ellison, J.) ("Because . . . most of the named Defendants in this case could not legally consent to removal because they waived that right under the [contracts], none of the Defendants, whether parties to the contract or not, can properly remove to this Court."). Arrows Up, Inc. and Mr. Allegretti waived their right to removal by signing the settlement agreement. *See Grand View*, 847 F.3d at 259. Thus, none of the Defendants can properly remove to this court.

### III. ATTORNEY'S FEES

Plaintiff seeks, under 28 U.S.C. Section 1447(c), attorney's fees incurred as a result of the removal. (Doc. 5). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). Although the Court found that the FSC constitutes a clear waiver of removal rights, the long history of litigation between the Parties has introduced certain potentially confusing complexities into the case, as discussed above. Given these complexities, and the recent change in counsel for Defendants, the Court denies Plaintiff's request for attorney's fees.

### IV. CONCLUSION

Plaintiff's Motion to Remand (Doc. 5) is **GRANTED**. Plaintiff's Request for Attorney's Fees (Doc. 5) is **DENIED**. This case is hereby **REMANDED** to the 334th District Court of

Harris County, Texas.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 27th day of September 2019.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE